```
                    UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NORTH CAROLINA
                          SOUTHERN DIVISION

                       NO: 7:12-CR-37-FA-3
                          7:16-CV-236-FA
```

ROSALIO CALDERON,

    Movant,

v.                                MEMORANDUM OPINION AND ORDER

UNITED STATES OF AMERICA,

    Respondent.

Pending before the court is Rosalio Calderon's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See ECF No. 811. The government has filed a motion to dismiss and a memorandum in support of that motion. See ECF Nos. 1049 and 1050. Calderon did not respond to the motion to dismiss.

Calderon was charged with Hobbs Act conspiracy, in violation of 18 U.S.C. § 1951, (Count Six); possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B)(i), (Count Seven); conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, (Count Eight); conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c), (Count Eleven); kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), (Count Twelve); kidnapping, in violation of 18 U.S.C. § 1201(a), (Count Thirteen); and carrying and discharging a firearm during and in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), (Count Sixteen).

On June 19, 2013, pursuant to a written plea agreement, Calderon pled guilty to Counts Six, Seven, Eight, Twelve, and Thirteen.  See ECF Nos. 285 and 287.  Pursuant to the terms of the plea agreement, the government would dismiss the remaining counts as to Calderon.  On June 26, 2015, Calderon was sentenced to a total term of imprisonment of life plus 120 months.  Specifically, he was sentenced to life imprisonment on Counts Eight, Twelve, and Thirteen and 240 months on Count Six, all sentences to run concurrently and 120 months on Count Seven that was to run consecutive to all other counts.

In his motion to vacate, Calderon asked the court to review his sentence based upon Johnson v. United States, 135 S. Ct. 2551 (2015).  Calderon filed his motion to vacate while his direct appeal was pending.  And, as the government points out in its motion to dismiss, Calderon has already received any relief to which he is entitled under the Johnson line of cases.  On December 5, 2019, on remand from the United States Court of Appeals for the Fourth Circuit, defendant's conviction and sentence on Count Seven were vacated because the underlying predicate offense of conspiracy to commit Hobbs Act robbery is no longer a crime of violence.  See United States v. Davis, 139 S. Ct. 2319, 2336 (2019); United States v. Simms, 914 F.3d 229, 233-

34 (4th Cir. 2019). Therefore, the government is correct that Calderon's motion to vacate should be dismissed because it is moot.

Accordingly, the court **GRANTS** the government's motion to dismiss, **DENIES** Calderon's Motion to Vacate, and **DISMISSES** this matter from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to send copies of this Memorandum Opinion and Order to Calderon, counsel of record, the Office of the Federal Public Defender, and the Probation Office of this court.

**IT IS SO ORDERED** this 31st day of March, 2022.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge